IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-502-D

| | |
|---|---|
| BRASWELL EGG COMPANY, INC. )<br>d/b/a BRASWELL FAMILY FARMS, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>POULTRY MANAGEMENT )<br>SYSTEMS, INC., )<br>        Defendant. ) | **CONSENT PROTECTIVE ORDER** |

This Consent Protective Order ("Order") is being entered with the consent of Plaintiff Braswell Egg Company, Inc. d/b/a Braswell Family Farms ("Plaintiff") and Defendant Poultry Management Systems, Inc. ("Defendant," collectively with Plaintiff, the "Parties") for the purpose of expediting discovery in this action in a manner consistent with the need to protect the confidentiality of certain elements of that discovery. For good cause shown, it is hereby ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that:

      1. All documents or other information that the Parties produce, or information that the Parties disclose through any deposition or in response to any subpoena or written discovery, which, in good faith, is specifically designated as "CONFIDENTIAL" ("Confidential Information"), shall be protected from public disclosure on the terms set out below. Confidential Information shall include any information in which the designating Party has a reasonable expectation of privacy,

including, but not limited to, certain proprietary trade secret and/or commercially sensitive information.

2. Any document designated as "CONFIDENTIAL" may be so designated by stamping the document with the legend "CONFIDENTIAL" before its production. No Party shall designate any document as "CONFIDENTIAL" unless it has a *bona fide* and good faith basis to do so. In the event of a dispute, the Party claiming that a document constitutes Confidential Information shall have the burden of demonstrating that the document constitutes Confidential Information.

3. The Parties shall use all Confidential Information produced and disclosed in this action solely for the purposes of preparing discovery, preparing for discovery, litigating or mediating this action, and appealing any adverse ruling arising from or related to the case, unless another use is specifically agreed upon by the Parties or authorized by the Court. The Parties may not disclose any information designated "CONFIDENTIAL" to anyone except as provided in Paragraph 4.

4. Except upon further order of the Court, information designated "CONFIDENTIAL" shall be disclosed only to the following persons:

(a) Parties to this action;

(b) Counsel of record, along with the attorneys and office staff associated with the firm by which counsel of record is employed;

(c) Any person specially employed by the Parties, counsel of record, or their firms who will act as an outside consultant, technical advisor, or expert

witness (whether designated as trial witnesses or not), along with such person's assistants and clerical staff;

(d) Any mediator or neutral in any alternative dispute resolution process in which the Parties engage, whether by mutual agreement or by Court order;

(e) Any individual who either Party reasonably, and in good faith, believes that it may call as a witness in this litigation; provided, however, that such individual may receive and review Confidential Information only if it pertains to or is relevant to his or her possible testimony;

(f) Any court reporter, stenographer, or videographer retained to take or record testimony in this matter;

(g) Any person or entity identified on the face of the document in question as either an author, an addressee, or a recipient, as well as any person or entity mentioned by name on the face of the document in question;

(h) A witness at any deposition or other proceeding, or any person counsel reasonably believes may be a witness in this action;

(i) A witness who has, or who has previously had, access to the information; who authored the information; or who received the information;

(j) Copying or imaging services, as well as any court reporter, stenographer, or videographer associated with or retained by a Party in connection with this action; and

(k) Any other person or entity to whom counsel for the producer or provider of the Confidential Information agrees in writing, or whom the Court directs,

3

shall have access to such information.

5. As set forth above, all individuals or parties to whom Confidential Information is to be disclosed under Paragraphs 4 ~~and 7~~ shall be informed of the existence of this Protective Order, shall be provided with a copy thereof, and shall be instructed that material designated pursuant to this Protective Order may not be used other than in connection with this Action and may not be disclosed to anyone other than those persons contemplated by this Protective Order.  Legal counsel for the discovering Parties shall take reasonable steps to insure adherence to the terms and conditions of this Protective Order by their respective stenographic and clerical employees.

6. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988).  Finally, in addition to the motion and supporting memorandum, said party

must set out such findings in a proposed order to seal for the court.

7 ~~10~~. Before any hearing or trial at which the Parties reasonably believe that the introduction of Confidential Information will be necessary, the Parties will jointly move the Court to seal the courtroom. The Parties jointly agree that sealing the courtroom is necessary to preserve the confidentiality of such information.

8~~11~~. No Party shall be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made. The failure to make any such challenge shall not preclude a later challenge to such designation. Neither the designation by a Party of any document, information, or deposition testimony as "CONFIDENTIAL" nor the receipt by any other Party of any document, information, or deposition testimony designated as "CONFIDENTIAL" shall constitute a concession that the document, information, or deposition testimony is properly designated. If any Party, at any point in these proceedings, objects to the designation of any document, information, or deposition testimony as "CONFIDENTIAL" then the objecting Party shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. If any Party objects, the Parties shall confer, in good faith, to resolve the objection. Any Party may move the Court, upon 10 business days' notice, to remove or challenge the designation of Confidential Information with respect to any specified document, testimony, or any other thing, or any portion of any specified document, testimony, or thing. This may include an order that the documents or information

should not be treated as "CONFIDENTIAL" or that specified provisions of this Protective Order shall not apply to the documents or information. The designating party shall have the burden of proof on any such motion to establish the propriety of its confidentiality designation. Any documents in dispute shall be treated as originally designated pending resolution by the Court. The designation of confidentiality shall not be read as a stipulation or agreement by any Party as to the admissibility or nature of any particular evidence at trial.

   9 ~~12~~.   Nothing in this Order shall prevent any Party from objecting to discovery that it believes is improper under the Federal Rules of Civil Procedure.

   10 ~~13~~.   Neither Party shall reveal Confidential Information to any person to whom disclosure is not permitted under Paragraphs 4 ~~or 7~~ (including all subparts), unless the designating Party assents in writing to, or the Court otherwise directs, its disclosure. If any court, arbitration tribunal, administrative or government agency, or law enforcement agency requests, demands, subpoenas, orders, or otherwise directs production of any Confidential Information, which a requesting Party has obtained under the terms of this Protective Order, then, before turning over such material, the requesting Party must promptly—and, in any event, no more than 72 hours after receipt of such request, demand, subpoena, order, or direction—notify the designating Party of the pendency of such request, demand, subpoena, order, or direction. The requesting Party must then afford the designating Party a reasonable opportunity to oppose the request, demand, subpoena, order, or direction before complying. The receiving Party will not produce the material before the date

6

Case 5:19-cv-00502-D   Document 30   Filed 03/16/21   Page 6 of 8

compelled by law. Nothing in this paragraph is intended to require a requesting Party to disobey a lawful demand, subpoena, order, or direction.

11. ~~14.~~ Confidential Information developed, revealed by, or included in any discovery proceedings, whether formal or informal, whether in the form of deposition transcripts, interrogatory answers, or document production, need not be filed except when required in connection with matters pending before this Court. If documents containing, summarizing, or referring to Confidential Information are filed, they shall be filed under seal.

12. ~~15.~~ The Parties shall be responsible for the security of documents and information provided to them and subject to this Order.

13. ~~16.~~ This Order shall continue to be binding after the conclusion of the litigation, and this Court reserves jurisdiction over all persons to whom such information was disclosed for purposes of enforcing it.

14. ~~17.~~ In the event that circumstances change or the terms of confidentiality are not sufficient, any Party may seek an amendment to this Protective Order. The Parties shall attempt to resolve in good faith any proposed amendment to the Protective Order pertaining to the treatment and/or the confidentiality of information, or its use, in an attempt to reach a compromise before seeking a formal resolution by the Court.

SO ORDERED, this the 16th day of March, 2021.

_____
Brian S. Meyers
United States Magistrate Judge

BY CONSENT:


*/s/ E. Bradley Evans*
E. Bradley Evans
N.C. State Bar I.D. No.: 28515
email: ebe@wardandsmith.com
Joseph A. Schouten
N.C. State Bar I.D. No.: 39430
email: jas@wardandsmith.com
Christopher S. Edwards
N.C. State Bar I.D. No.: 48385
email: csedwards@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: 252.215.4000
Facsimile: 252.215.4077
Attorneys for Braswell Egg Company, Inc.


*/s/ J. Matthew Little*
J. Matthew Little
N.C. State Bar I.D. No.: 20032
mlittle@teaguecampbell.com
Teague Campbell Dennis & Gorham, LLP
Post Office Box 19207
Raleigh NC  27619
Telephone: 919.873.0166
Facsimile: 919.873.1814
Attorneys for Poultry Management Systems, Inc.